GIBSON (CORBETT v.). See Cases Nos. 3,-221 and 3,222.

## Case No. 5,394.
### GIBSON v. DOBIE et al.
[5 Biss. 198;[1] 14 N. B. R. 156.]

Circuit Court, E. D. Wisconsin. July, 1871.

PREFERENCE—CONVEYANCE TO WIFE.

1. A conveyance by an insolvent debtor of his real estate to his wife, without consideration, she giving a mortgage thereon to creditors who knew the debtor to be insolvent, is a preference under the bankrupt act [of 1867 (14 Stat. 517)], and void as against creditors.

2. The mortgage of the wife is the same, in legal effect, as the mortgage of the husband.

In equity. Bill by [N. S. Gibson] the assignee against John N. Dobie, Hannah R. Dobie, his wife, John T. Burhyte and Henry

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

N. Glening, to set aside conveyance as fraudulent under the bankrupt act.

J. W. Pinter, for complainant.
J. M. Jillett, for defendants.

MILLER, District Judge. John N. Dobie, as guardian of Andrew B. Cary, his step-son, became indebted to his ward about seventeen hundred dollars, early in the spring of 1868, and embarrassed pecuniarily. Burhyte, his surety on the guardianship bond, demanded security or indemnity. Dobie gave Burhyte a mortgage on his homestead. By a subsequent arrangement, Dobie was discharged as guardian, and his wife, Hannah R. Dobie, the mother of the child, was appointed guardian in his stead. In April, 1868, Dobie and wife conveyed two tracts of land to the defendant Glening, who, with his wife, conveyed the same premises to Hannah R. Dobie. These conveyances were made for the purpose of vesting the title to the two tracts of land in Mrs. Dobie, and enabling her to secure Burhyte, her brother, as the surety of Dobie. The mortgage of Dobie to Burhyte on the homestead was satisfied of record, and Mrs. Dobie gave him a mortgage on the two farms in lieu of the former mortgage. Dobie also assigned to Burhyte a mortgage of three hundred dollars on other property.

Proceedings in bankruptcy against Dobie by his creditors were instituted in July, 1868. Prior to such proceedings, on the 14th of July, 1868, Dobie assigned to Burhyte the three hundred dollar mortgage, and also, on the same day, Mrs. Dobie gave him the mortgage. Burhyte had abundant reason to believe that Dobie was insolvent at the time he accepted these securities, and he also knew that Mrs. Dobie became the alienee of the lands without any consideration, and that Dobie, at the date of these conveyances, was largely indebted.

The mortgage of Mrs. Dobie to Burhyte is the same in legal effect as if Dobie and his wife had given it directly to him. The mortgage of Mrs. Dobie was a mere device to relieve the homestead of the debtor, and to shift the lien upon the land. These collaterals were given and accepted by Burhyte as a preferred creditor, in disregard of the provisions of the bankrupt act. A decree is ordered for the complainant.